**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Seth Cottrell, et al., | No. CV-20-08266-PCT-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Before the Court is Plaintiff's motion for attorney fees as authorized by the Equal Access to Justice Act ("EAJA"), which is fully briefed. (Docs. 34, 35, 36, 42.) Plaintiff's motion is granted, as explained below.

Pursuant to the EAJA, the Court shall award fees and costs to the prevailing party in a social security appeal unless the position of the United States was substantially justified, or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The plaintiff bears the burden of proving that the fees sought are reasonable. *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009). Where fees are not shown to be reasonable or "documentation of hours is inadequate, the district court may reduce the award." *Hensley v. Eckerhart*, 461 U.S. at 424, 433 (1983).

Plaintiff seeks fees of $9,689[1] for 44.8 hours of work. It is undisputed that Plaintiff is entitled to fees under the EAJA, but the Commissioner disputes the reasonableness of

---

[1] Plaintiff's counsel's rate was $207.78 for work done in 2020 and $217.54 for work done in 2021 through 2023. The reasonableness of the rates are not in dispute. Four of the hours here were expended in reply to the Commissioner's response and was therefore not initially requested in the motion for attorney fees.

Plaintiff's proposed fee.

First, the Commissioner argues that because the "issues raised in this case were not novel or unique," the time spent researching and briefing this case should be discounted by 3.5 hours. (Doc. 36 at 4.) And while this case raises similar legal issues to other social security cases, this case, like its sibling social security cases, requires parties to apply those issues to unique medical histories. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1134 (9th Cir. 2012) ("[I]t is improper for district courts to apply a de facto cap on the number of hours for which attorneys may be compensated under the EAJA in a 'routine' case challenging the denial of social security benefits. Rather individualized consideration must be given to each case." (footnote omitted)). The Court does not see reason to discount the time spent researching and briefing this case.

Second, the Commissioner argues that Plaintiff's counsel inappropriately billed for administrative tasks. Administrative tasks are not appropriately billed *Neil v. Comm'r Soc. Sec.*, 495 F.3d. Appx. 845, 847 (9th Cir. 2012). The Commissioner asks for a reduction of three hours across several categories of administrative work including downloading court documents and "two entries of emails contemplating forms of motions" that were "block-billed." (Doc. 36 at 5.) Plaintiff's counsel does not dispute that these actions, which total more than three hours, are administrative tasks. The Court thus reduces the total hours billed by three hours.

Third, the Commissioner insists that Plaintiff's counsel billed more than five hours of duplicative work, pointing primarily to the fact that attorney Robin Larkin expended about 11 hours on briefing and that Plaintiff's counsel took nearly as long to edit it. The Court agrees that an experienced attorney did not need to take 10 hours to edit an opening brief that contained boilerplate language. *See Alvarez v. Comm'r of Soc. Sec. Admin.*, No. CV-20-00264-PHX-DLR, 2021 WL 5396061, at *2 (D. Ariz. Nov. 18, 2021). This, however, should not be construed to devalue having an attorney edit another attorney's work. Even the most gifted writers see improvements to their work product after having another person proofread their work. *Garner on Language and Writing* 416 (American

Bar Association 2009). The Court only notes that it was not reasonable in this case for experienced counsel to expend 10 hours editing a brief that used so much language from the complaint and elsewhere. The Court reduces the time spent editing the opening brief by four hours.

Finally, the Commissioner argues that it was unreasonable to spend 11 hours drafting a glossary, which contained many entries that Plaintiff's counsel has copied and pasted from previous glossaries. Plaintiff's counsel does not dispute this charge and instead justifies the time as necessary to research medical terms and choose "*which* terms to include in a glossary." The Court agrees that research and choosing terms does take time but disagrees that it would reasonably take 11 hours. *Alvey v. Comm'r of Soc. Sec. Admin.*, No. CV-20-08105-PHX-SPL, 2022 WL 375848, at *5 (D. Ariz. Feb. 8, 2022) (reducing the time spent creating a glossary after reviewing glossaries previously submitted by Plaintiff's counsel to the Court because "it appears that the bulk of the work in drafting [a glossary] is in choosing which medical terms to include"). The Court thus reduces the time spent creating the glossary by five hours.

In total, the Court reduces the hours expended by 12 hours, or $2,610.48, bringing the fee award to $7,078.70. The Commissioner argues that the fee award should be made out to Plaintiff as the "prevailing party" under 28 U.S.C. § 2412(d)(1)(A), not Plaintiff's counsel. The Court agrees. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) ("We hold that a § 2412(d) fees award is payable to the litigant. . . .").

**IT IS ORDERED** that Plaintiff's motion for attorney fees (Doc. 34) is **GRANTED**. Plaintiff is awarded $7,078.70 in attorney fees under the EAJA. This award shall be payable to Plaintiff and is subject to offset to satisfy any pre-existing debt that Plaintiff owes the United States pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010).

Dated this 12th day of May, 2023.

Douglas L. Rayes
United States District Judge

- 3 -